IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONGO WILLIAMS, | } | |
| TDCJ-CID NO. 1269681, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION NO. H-08-2391 |
| | } | |
| SGT. RODNEY, | } | |
| Defendant. | } | |

OPINION ON DISMISSAL

Plaintiff Mongo Williams, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a complaint pursuant to 42 U.S.C. §1983, alleging that Sgt. Keith H. Rodney failed to protect him from an inmate attack.  (Docket Entry No.1).  Defendant Rodney has filed a Motion to Dismiss and a Motion for Summary Judgment.  (Docket Entries No.14, No.16).  Plaintiff has not filed a response to the motions.  For the reasons to follow, the Court will grant defendant's motion for summary judgment and dismiss this case with prejudice.

I. CLAIMS

Plaintiff alleges the following facts in support of this civil rights action:  On November 16, 2006, plaintiff was moved from C block to D block after he filed a life endangerment claim with Sgt. Rodney.  (Docket Entry No.1).  Plaintiff had requested Rodney to transfer him to another unit.  (*Id.*).  Rodney refused plaintiff's request because plaintiff would not provide him with the names of the inmates who had threatened him.  (*Id.*).  Plaintiff did not feel safe on the D block and on November 23, 2006, he was attacked by several inmates.  (*Id.*).  He suffered a concussion and a blow to his ribs.  (*Id.*).  Plaintiff attributes the attack and his injuries to Rodney's refusal to transfer him to a different unit.  (*Id.*).

1

Defendant Rodney moves for summary judgment on grounds that he is entitled to Eleventh Amendment and qualified immunity and that he was not deliberately indifferent to plaintiff's safety because he had no personal involvement in the decision to relocate plaintiff to a different cell block or to transfer him to a different unit.  (Docket Entry No.16).

## II. DISCUSSION

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The Civil Rights Act of 1866 creates a private right of action for redressing the violation of federal law by those acting under color of state law.  42 U.S.C. § 1983; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984).  Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  *Blessing v. Freestone*, 520 U.S. 329,

2

340 (1997). A section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Thus for plaintiff to recover, he must show that the defendants deprived him a right guaranteed by the Constitution or the laws of the United States. *See Daniels v. Williams*, 474 U.S. 327, 329-31 (1986). Plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference–not the result of mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). Moreover, to hold a defendant liable under section 1983, plaintiff must adduce facts demonstrating the defendant's participation in the alleged wrong. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

To establish a failure-to-protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Farmer*, 511 U.S. at 834; *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Defendant Rodney claims that he had no personal involvement in the review of plaintiff's life endangerment requests because he did not sit on the Unit Classification Committee ("UCC") or the State Classification Committee ("SCC") that made decisions regarding plaintiff's cell or unit assignment. (Docket Entry No.16).

Rodney's summary judgment record shows that plaintiff filed a life endangerment claim on November 15, 2006, to which Rodney was one of two staff witnesses. (Docket Entry

No.16-3, pages 19, 23).  In such claim, plaintiff alleged that on November 10th, an unidentified offender punched him and on November 14th, several unknown offenders warned him that members of the Bloods Gang were planning to inflict great bodily harm on him.  (Docket Entry No.16-3, pages 18-21, 23).  Plaintiff verbally reported the threat to Rodney.  (*Id*., pages 19).  Plaintiff was placed in transient status for safekeeping on November 15, 2006.  (*Id.*, page 18).  Plaintiff requested to be transferred to another unit.  (*Id*., page 19).

Plaintiff and his cell mate were interviewed by the investigating officer, Captain Booher; neither inmate would identify the alleged assailants.  (*Id*., page 21).  On November 16, 2006, Booher reported to the UCC that he found no evidence to substantiate plaintiff's claim and recommended that plaintiff be placed back in the population per his classification.  (*Id.*, pages 21, 24).  The UCC adopted Booher's recommendation and ordered that plaintiff remain in his current status.  (*Id*., page 22).

On November 23, 2006, plaintiff was jumped by five or six inmates in the dayroom during last chow; he reported the assault to several correctional officers but not to Rodney.  (*Id*., pages 5, 9).   Booher, but not Rodney, was a witness to plaintiff's life endangerment report.  (*Id*.).  Three of the inmate assailants were identified by an officer who observed the assault; plaintiff refused to identify the assailants.  (*Id*., page 7).   Booher substantiated plaintiff's allegations regarding the assault, noted that the violence against plaintiff had escalated, and recommended that plaintiff be transferred to another unit.  (*Id*.).  Plaintiff was placed in transient status for safekeeping.  (*Id.*, page 29).  On November 28, 2006, the UCC recommended a unit transfer.  (*Id.*, page 8).  On December 14, 2006, TDCJ ordered plaintiff transferred from the Ferguson Unit to the Darrington Unit for safekeeping.  (Docket Entry No.16-3 page 3).

Because the uncontroverted record shows that Rodney did not participate in the alleged wrong, *i.e.*, the decision not to transfer plaintiff but to place him on the cell block where he was later assaulted, Rodney has no liability for plaintiff's injuries arising from the alleged wrong under 42 U.S.C. § 1983.  *See Murphy*, 950 F.2d at 292 n.7 (noting the necessity of an affirmative link between the incident and some act by the defendant in causes arising under § 1983).  Moreover, "responding to an inmate's complaints 'by referring the matter for further investigation' or taking other appropriate administrative action fulfills an official's protective duties under the Eighth Amendment.  *Longoria v. Texas.* 473 F.3d 586, 594 (5th Cir. 2006).  To the extent that Sgt. Rodney witnessed the initial investigation of plaintiff's life endangerment claim on November 15, 2006, he was not deliberately indifferent to plaintiff's safety and therefore, did not violate the Eighth Amendment.  Accordingly, defendant Rodney is entitled to summary judgment.

### III. CONCLUSION

Based on the foregoing, the Court ENTERS the following ORDERS:

1.  Defendant's Motion for Summary Judgment (Docket Entry No.16) is GRANTED.  All claims against defendant Keith Rodney are DENIED.

2.  Plaintiff's complaint is DISMISSED WITH PREJUDICE.

3.  All other pending motions are DENIED, as moot.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 27th day of July, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

5